UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YANA L. HOTTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:13CV869 HEA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review, under 28 U.S.C. § 1383(c)(3), of the final decision of Defendant denying Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §401, *et seq.* For the reasons set forth below, the Court affirms the Commissioner's denial of Plaintiff's application.

Facts and Background

Plaintiff was 37 years old at the time of the hearing. Plaintiff has a bachelor's degree and some master's advanced degree work. The ALJ found Plaintiff had the severe impairments of: depression and anxiety, 20 CFR 404.1520(c). At the November 15, 2011 hearing, Plaintiff testified that she has her own business, which is a photography business that she started a little less than a year before the hearing. Plaintiff testified that she started the business because she

could not sit home and do nothing.  She needed something to do.   Plaintiff resides with her husband and seven year old daughter.  She is able to care for her daughter, work with her with her homework, and gets her ready for school.   Plaintiff loves to cook and makes dinner.  She does some housework when she can.  Plaintiff's husband works from home, remotely, so he is always in the home.  Plaintiff cares for her dogs.  She tries to leave the house once per day.  She and her husband take their daughter to dance class once  per week and attends temple on Saturday mornings.  Plaintiff and her family visit her in-laws and they sometimes go out to eat.  Plaintiff walks to the store right behind her house.  Plaintiff's husband accompanies her on photography jobs, but stays outside while she works.  Plaintiff testified that she is in a constant state of agitation, she gets panic attacks at least once per week and has headaches and nausea side effects from her medications.  Plaintiff further testified that she is afraid to be alone and is scared to leave the house.

    A vocational expert also testified at the hearing.  In response to the hypothetical question of whether a person with no exertional limitations, however, a person limited in that they can only have occasional contact with supervisors, co-workers, and the public, the person would be able to perform past work, the VE testified that the person could perform past work as a photographer and business analyst.  The VE testified there were jobs available for the Plaintiff in these jobs.

In response to the limitation of no more than 40 hours per week, Plaintiff could ot perform the jobs as Plaintiff described them. The vocational expert testified that there were other jobs in the national economy that Plaintiff could perform, if the job had a set schedule. The VE testified that if the limitation of having Plaintiff's husband attend work with a person, there would be no jobs in the regional or national economy the person could perform. In response to the question of whether a person could perform light or sedentary work if the person had no useful ability to deal with the public, and no ability to interact with supervisors, there would be no available jobs.

Plaintiff's application for disability income benefits was denied on November 17, 2010. On February 6, 2012, the ALJ issued an unfavorable decision. On March 19, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738

(8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); McCoy, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520©, 416.920(a)(4)(ii), 416.920©; McCoy, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has

such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e).  At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611.  If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id*...  At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523.  At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a

significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**ALJ Decision**

The ALJ utilized the five-step analysis as required in this case. Here the ALJ determined at Step One, that Plaintiff had not engaged in substantial gainful activity since July 17,2010, the alleged onset date. The ALJ found at Step Two that Plaintiff has the severe impairments of depression and anxiety pursuant to 20 CFR 404.1520©.

At Step Three, the ALJ found that Plaintiff does not suffer from an impairment or combination of impairments of a severity that meets or medically equals the required severity of a listing as set out in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520 (d), 404.1525 and 404.1526).

As required, prior to Step Four, the ALJ determined the Residual Functional Capacity of Plaintiff to be as follows: to perform full range of work at all exertional levels but with the following nonexertional limitations: Plaintiff can only occasionally have contact with supervisors, co-workers, and the public, and cannot work more than 40 hours per week.

At Step Four it was the finding of the ALJ that Plaintiff is capable of performing her past relevant work as a business analyst. Accordingly, the ALJ was

not required to proceed to Step Five. The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought by the Application.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d

860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her appeal of the Commissioner's decision, Plaintiff makes the following contentions: (1) The ALJ erred in determining RFC by improperly rejecting the limitations suggested by treating experts Dr. Androphy and Dr. Milner, according those providers insufficient weight, and improperly evaluating the medical evidence; (2) the ALJ improperly analyzed Plaintiff's credibility and failed to conduct the analysis required by the regulations and the applicable cases.

**RFC**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. As true*, 596 F.3d 959, 969 (8th Cir.2010); see also 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole,

including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him or her to reject the claimant's

9

complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988).

Plaintiff contends that the ALJ's RFC determination resulted from an improper evaluation of the evidence and failed to include sufficient limitations arising from Plaintiff's physical impairments, including those suggested by the treating experts.

The claimant has the burden to prove the RFC at step four of the sequential evaluation, and the ALJ determines it based on all relevant evidence. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). The RFC formulation is a part of the medical portion of a disability adjudication as opposed to a vocational portion, which involves consideration of age, education, and work experience. Although it is a medical question, it is not based only on "medical" evidence, i.e., evidence from medical reports or sources; rather an ALJ has the duty to formulate the RFC

based on all the relevant, credible evidence. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000); *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000).

The ALJ will also consider whether the doctor's opinion is consistent with other evidence and opinions, the doctor's specialty, and "other factors" like the extent to which doctor is familiar with other information in the claimant's case. *See* 20 C.F.R. § 404.1527(c)(2) (2012); *Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009). The ALJ may reject opinions that he or she finds are not supported by other credible objective evidence in the record, or which are unexplained or conclusory. *See Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010) (treating source "opinion does not automatically control in the face of other credible evidence on the record that detracts from that opinion.").

The ALJ here discounted the opinions of Drs. Androphy and Milner because they were inconsistent with substantial evidence in the record. The treatment notes upon which the ALJ based her nominal weight give to the opinions reveal that both Dr. Androphy and Dr. Milner found Plaintiff to present herself as well-groomed, and well-oriented. She exhibited normal energy levels, thought process, speech, and memory.

The ALJ recognized the reports and conclusions reached by both Dr. Milner and Dr. Androphy. She discussed her rationale for giving these doctors' opinions little weight-the conclusions were inconsistent with the existing records and with their own descriptions of Plaintiff's symptoms. The fact that Plaintiff has some impairments does not eliminate the possibility of being gainfully employed.

Once the ALJ has reached her conclusion about the weight assigned to the medical opinions in a case, the court need only evaluate whether substantial evidence supports the ALJ's analysis, not whether the evidence could have supported a different conclusion in the first instance. *See Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005) ("[A]n appropriate finding of inconsistency with other evidence alone is sufficient to discount the opinion."); *Metz v. Shalala*, 49 F.3d 374, 377 (8th Cir. 1995) (internal quotes and citation omitted). Thus the issue here is not whether the opinions was due controlling weight but whether substantial evidence supported the rejection of the opinions under the facts of this case. The opinions were properly viewed in the context of the remainder of the record, which showed that these doctors consistently found Plaintiff well manner, well groomed, only slightly limited in several work related activities, including interaction with supervisors, functioning independently, and carrying out complex and detailed instructions. Plaintiff's symptoms were improved with medication. Significantly, the opinions reached were based, in the most part, on Plaintiff's own

subjective symptoms.  There is little evidence documenting Plaintiff's complaints, other than the fact that Plaintiff's reporting of the symptoms.  Substantial evidence clearly supports the ALJ's decision. The RFC was supported by substantial evidence of record.

Plaintiff also contends that the ALJ improperly analyzed Plaintiff's credibility and failed to conduct the analysis required by the regulations and applicable cases.  Contrary to Plaintiff's argument, however, the ALJ did indeed conduct a proper analysis.

The ALJ found Plaintiff's claims of the intensity of her impairments  not entirely credible based on a number of factors.  The ALJ found significant the lack of more clinically significant findings on examinations conducted.  Also, the ALJ considered Plaintiff's ability to engage in a variety daily activities.  Plaintiff attends to the needs of her daughter; she helps her with her homework and takes her to dance class.  Plaintiff loves cooking, and makes dinner.  She cares for her dogs and does some housework.  Plaintiff can drive and has a license.  Plaintiff, while claiming that she cannot go anywhere without her husband, Plaintiff does go to the store close to home.  Plaintiff and her husband go to her in-laws weekly, she occasionally shops and attends temple weekly.  Plaintiff maintains a photography business.  These reported activities substantially support the ALJ's conclusion that

Plaintiff's symptoms are not as severe as she reports. *Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

Although Plaintiff argues that the ALJ fails to conduct the proper analysis required by the regulations and applicable cases, the Court finds the ALJ's discussion of Plaintiff's medical records *vis a vis* her subjective complaints of intensity proper. An ALJ is required to consider the *Polaski* factors, but is "not required to discuss each [one's] weight in the credibility calculus." *Myers v. Colvin,* 721 F.3d 521, 527 (8th Cir.2013). *See also Buckner v. Astrue,* 646 F.3d 549, 558 (8th Cir.2011) (holding that ALJ need not explicitly discuss *each Polaski* factor). When discounting Plaintiff's credibility, the ALJ explicitly discussed several *Polaski* factors, including the lack of supporting objective medical evidence. *See Curran–Kicksey v. Barnhart,* 315 F.3d 964, 968 (8th Cir.2003) (approving the consideration of such a lack when evaluating the claimant's credibility

The ALJ's credibility determination is based upon substantial evidence in the record.

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 24th day of September, 2014.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE